IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

CARROLL E. HEATHERLY, as       )
Independent Administrator of   )
the Estate of MARGARET M.      )
HEATHERLY, deceased, and       )
CARROLL E. HEATHERLY,          )
                               )
            Plaintiffs,        )         8:01CV332
                               )
        v.                     )
                               )
MIDWEST SPECIALIZED            )    MEMORANDUM AND ORDER
TRANSPORTATION; and DAVID      )
GILBERTSON,                    )
                               )
            Defendants.        )
_____)

            This matter is before the Court on defendants' motion
in limine regarding alleged admissions in defendants' appellate
brief filed with the Eighth Circuit Court of Appeals (Filing No.
193).  Defendants seek an order in limine to preclude plaintiffs
from making any reference to purported admissions made in
defendants' appellate brief to the Eighth Circuit in plaintiffs'
appeal of the initial trial in this action.

            At issue are three statements contained in defendants'
appellate brief that plaintiffs assert constitute admissions that
the defendants acted negligently in parking their tractor-trailer
truck on the ramp which entered the rest area from Interstate 80.
Plaintiffs assert that the statements at issue qualify as
judicial admissions which are "binding for the purpose of the
case in which the admission are made, including appeals." *State*

*Farm Mut. Auto Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968).

   In their brief, defendants stated:

> Finally, Defendants assert that **their admittedly negligent conduct** was properly characterized by the district court as passive negligence . . .(Defendants' Brief, p. 9)(emphasis added).
>
> In this case, **it is undisputed that Defendant Gilbertson parked his tractor-trailer on the exit ramp shoulder in a no parking zone.** This action, however, is properly classified as passive negligence entirely separate from the active, intervening negligence of Steven Alexander.  (Defendants' Brief, p. 25)(emphasis added).
>
> Moreover, Alexander's negligent action cannot be characterized as a normal consequence of the condition caused by **Gilbertson's negligent conduct**.  (Defendants' Brief, p. 25)(emphasis added).

  "'To qualify as a judicial admission, the statement must be deliberate, clear and unambiguous' and must constitute an intentional waiver." *Egebergh v. Village of Mount Prospect*, 2004 U.S. Dist. LEXIS 6851, *6 (N.D. Ill. 2004)(*quoting McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 682 (7th Cir. 2002).

  In *Egeburgh*, the plaintiff argued that defendants' statement in an appellate brief that the plaintiff had a serious medical condition constituted a judicial admission withdrawing

-2-

the fact of whether plaintiff did in fact have a serious medical condition from consideration. *Egeburgh*, 2004 U.S. Dist. LEXIS 6851, at *5. The Court disagreed, finding that the issue of whether the plaintiff had a serious medical need was contested from the beginning of the case and that the "statement was perhaps improvidently made, and there was no evidence of defendants' intention to permanently waive their position on the issue." *Id*. at *7.

Our case is similar to that of *Egeburgh* in that the issue of whether or not defendants were negligent in parking on the ramp entering the rest area has been contested from the beginning of this case. While the defendants' word choice in their brief to the Eighth Circuit may have been improvident, taken in context these statements are not so deliberate, clear, unambiguous and intentional so as to qualify as a judicial admission, and the Court will sustain defendants' motion in limine precluding plaintiffs from mentioning or making reference to any statements in defendants' appellate brief. Accordingly,

IT IS ORDERED that defendants' motion in limine regarding alleged admissions in defendants' appellate brief is granted.

DATED this 3rd day of April, 2006.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                                 LYLE E. STROM, Senior Judge
                                 United States District Court

-3-