IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CARROLL E. HEATHERLY, as        )
Independent Administrator of    )
the Estate of MARGARET M.       )
HEATHERLY, deceased, and        )
CARROLL E. HEATHERLY,           )
                                )
            Plaintiffs,         )      8:01CV332
                                )
      v.                        )
                                )
MIDWEST SPECIALIZED             )      MEMORANDUM AND ORDER
TRANSPORTATION; and DAVID       )
GILBERTSON,                     )
                                )
            Defendants.         )
                                )
      v.                        )
                                )
STEVEN ALEXANDER,               )
                                )
      Third-Party Defendant.    )
_____)
```

This matter is before the Court on plaintiff's motion in limine to exclude any evidence regarding Carroll Heatherly's remarriage subsequent to the loss of his wife Margaret (Filing No. 205). Plaintiff seeks to preclude defendants from making any reference to Carroll Heatherly's remarriage.

The Federal Rules of Evidence govern the admissibility of evidence in diversity cases. *Potts v. Benjamin*, 882 F.2d 1320, 1324 (8th Cir. 1989). This result conforms with the practice in federal courts preceding the adoption of the Federal Rules of Evidence. *See* 10 J. Moore & H. Bendix, *Federal Practice* § 400.12[6]-(3) (2d ed. 1982)(in fashioning broad rules of

admissibility, federal courts adopted state rules that favored admission but rejected state rules that favored exclusion); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2405 (1971 & Supp. 1982) (same).

The Federal Rules of Evidence state that evidence which tends to make the existence of any consequential fact more or less probable than it would be without the evidence should be admitted, so long as it is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or considerations of undue delay, waste of time or needless presentation of cumulative evidence. *Fed. R. Evid.* 401-03.

In *Papizzo v. O. Robertson Transport, Ltd.*, 401 F. Supp. 540, 542 (E.D. Mich. 1975), the Court held that even though evidence of remarriage would not be allowed in Michigan courts under Michigan law, the evidence of the plaintiff's remarriage was proper in federal court under the federal evidentiary rules. Specifically the Court stated that "[w]hether Mrs. Papizzo has remarried since her husband's death is relevant to measure the degree of damage that she has suffered. It is the opinion of this court that jurors can be trusted to give this evidence its proper weight without allowing it to mislead or unfairly prejudice them. The court holds that evidence of Mrs. Papizzo's remarriage is relevant and admissible under the broad rules

-2-

favoring admissibility which should be used by federal courts." *Id*. at 542. While the Court is aware that the majority of states have found that evidence of remarriage is inadmissible, the Court finds the analysis of the *Papizzo* court to be persuasive as to the admission of such evidence in federal court.

In applying this rule to the present case, the question becomes whether evidence of remarriage would tend to make the existence of a consequential fact more or less probable than it would be without the admission of the evidence of remarriage. Specifically, evidence of remarriage addresses consequential facts as to the issue of damages for loss of consortium, companionship, services and society. It appears that the evidence of remarriage would clearly make the existence of these consequential facts more or less probable.

Having held that this evidence would make the existence of a consequential fact more or less probable, the next step in the Court's analysis is to assess whether this value is substantially outweighed by the dangers of: unfair prejudice, confusion of the issues, misleading the jury or that the admission of this evidence would constitute an undue waste of time or would constitute cumulative evidence. The Court is satisfied that the probative value of evidence of Carroll Heatherly's remarriage is not substantially outweighed by these dangers and would not constitute a waste of the Court's time or

would be improperly cumulative.  The Court will deny plaintiff's motion in limine.  Accordingly,

IT IS ORDERED that plaintiff's motion in limine to exclude any evidence regarding Carroll Heatherly's remarriage is denied.

DATED this 4th day of April, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court