IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| CARROLL E. HEATHERLY, as Independent Administrator of the Estate of MARGARET M. HEATHERLY, deceased, and CARROLL E. HEATHERLY,           Plaintiffs,      v. MIDWEST SPECIALIZED TRANSPORTATION; and DAVID GILBERTSON,           Defendants,      v. STEVEN ALEXANDER,      Third-Party Defendant. | 8:01CV332 MEMORANDUM OPINION |

This matter is before the Court on defendants' renewed motion for judgment as a matter of law and alternatively, motion for a new trial or, in the further alternative, motion for remittitur (Filing No. 224).

**A.   Motion for Judgment as a Matter of Law**

Judgment as a matter of law is appropriate "when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Okruhlik v. Univ. of Ark.*, 395 F.3d 872, 878 (8th Cir. 2005)(*quoting Mouser v. Caterpillar, Inc.*, 336 F.3d 656, 662 (8th Cir. 2003)(citation omitted). An inference is reasonable if it

"may be drawn from the evidence without resort to speculation." *McGreevy v. Daktronics, Inc.*, 156 F.3d 837, 840-41 (8th Cir. 1998) (citation omitted).  The Court may not substitute its own judgment for that of the jury, but it may, in considering the whole record, give credence to the moving party's "uncontradicted and unimpeached [evidence], at least to the extent that that evidence comes from disinterested witnesses."  *Kinserlow v. CMI Corp., Bid-Well Div.*, 217 F.3d 1021, 1025 (8th Cir. 2000)(*citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000)).

Defendants Midwest Specialized Transportation ("Midwest") and David Gilbertson ("Gilbertson")(cumulatively "Defendants") renew their motion for judgment as a matter of law, pursuant to Rule 50 of the Federal Rules of Civil Procedure, made at the close of plaintiffs' case asserting that Gilbertson was incapacitated and therefore was not in violation of Neb. Rev. Stat. § 60-6,164(2) when he parked his truck on the entrance ramp to the Phillips rest area.  Defendants also move for judgment as a matter of law as to their third-party complaint against third-party defendant Steven Alexander ("Alexander").

Sufficient evidence was presented to support the jury's verdict.  The fact that evidence was presented that clearly demonstrated that Alexander was a proximate cause of the accident does not preclude the jury from finding that Alexander and

-2-

Gilbertson *were both* proximate causes of the accident.  The jury's finding in this respect is supported by the evidence, and defendants' motion for judgment as a matter of law will be denied.

**B.   Motion for a New Trial and Motion for Remittitur**

A new trial may not be granted on the grounds that a jury's verdict is excessive unless the Court concludes that the jury's verdict is a "plain injustice" or a "monstrous" or "shocking" result.  *See, e.g., School District No. 11 v. Sverdrup & Parcel & Associates, Inc.*, 797 F.2d 651, 654 (8th Cir. 1986); *DeFranco v. Valley Forge Insurance Co.*, 754 F.2d 293, 296 (8th Cir. 1985) ("so large as to shock the judicial conscience").  Moreover, the assessment of damages is especially within the jury's sound discretion when the jury must determine how to compensate an individual for an injury not easily calculable in economic terms.  *See, e.g., Vanskike v. Union Pacific Railroad Co.*, 725 F.2d 1146 (8th Cir. 1984); *Stineman v. Fontbonne College*, 664 F.2d 1082 (8th Cir. 1981).

The question of the excessiveness of a verdict in a diversity case such as this is judged in accordance with state substantive law.  *See Schaefer v. Spider Staging Corp.*, 275 F.3d 735, 738 (8th Cir. 2002)*(citing Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 426-38 (1996)).  The damage award may not exceed "that which could be sustained before the highest court of the

-3-

state whose substantive law gives rise to the claim." *Hysell v. Iowa Public Service Co.,* 559 F.2d 468, 472 (8th Cir. 1977). Under Nebraska law, "[a] verdict will not be set aside on appeal unless it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, or mistake, or it is clear that the trier of fact disregarded the evidence or rules of law." *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 457, 412 N.W.2d 56, 78.(1987).

**Margaret Heatherly**

Under Nebraska law, monetary damages are properly awarded to the Heatherly family for the death of Margaret Heatherly to compensate the family for the loss of her services, comfort and companionship.  The award should represent the value of the lost services, comfort and companionship of Mrs. Heatherly to the Heatherly family.  No award may be made to the Heatherly family for their grief or mental suffering resulting from the death of Mrs. Heatherly.  Also, no award may be made to the Heatherly family based on sympathy for the family or in an attempt to punish the defendants.

In the present case, the jury awarded the Heatherly family $4,600,000 for the death of Margaret Heatherly.  The Nebraska Supreme Court has stated:

> Regarding the pecuniary loss
> requirement for wrongful death
> damages, the court noted that:

-4-

>           the word "pecuniary" is not to be
> construed in a strict sense, that
> it is difficult to determine its
> exact measure, and that the task of
> determining such must be left to
> the good judgment and ordinary
> common sense of the jurors.  The
> law does not provide any positive,
> definite mathematical formula or
> legal rule by which a jury shall
> fix the amount of pecuniary loss;
> it must be determined upon a
> consideration of the circumstances
> of each case. [Citations omitted.]
> There is no requirement that there
> be evidence of the dollar value of
> companionship, counseling, or
> advice.  It is a matter left to the
> sound discretion of the jury.
>
> *Maloney v. Kaminski*, 220 Neb. 55,
> 69-70, 368 N.W.2d 447, 458 (1985);
> [*** 13]  See, also *Garvin, supra,*
> (wrongful death damages are
> incapable of computation and are
> largely a matter for the jury);
> *Selders v. Armentrout*, 192 Neb.
> 291, 293, 220 N.W.2d 222, 224
> (1974) (damages in wrongful death
> cases are peculiarly for the jury
> to determine because of the
> numerous contingencies involved,
> and "at best, the verdict can only
> be an approximation as no yardstick
> exists by which the correct answer
> can be found with exactness").

*Williams v. Monarch Transportation*, 238 Neb. 354, 360, 470 N.W.2d 751, 756 (1991).  See also *Rusthaven v. American Airlines, Inc.*, 320 F.3d 802 (8th Cir. 2003).

While the verdict on plaintiffs' claim regarding the loss of Margaret Heatherly is large, the Court does not find

that it is excessive or that it resulted from passion, prejudice or mistake.  She left surviving her husband, who was nearly forty-nine years old, and four children:  Thomas about 13; Bridget about 11-1/2; Margaret about 9-1/2; and Patrick just a few years old.  Mrs. Heatherly was forty-two years old.

The evidence of her family involvement, the ages of Mr. Heatherly and the children support a very substantial verdict, and defendants' motion for new trial or remittitur will be denied.

**Carroll Heatherly**

<u>Economic Damages</u>

The jury awarded Carroll Heatherly $1,000,000 in economic damages.  Economic damages are defined as "the reasonable value of the medical, hospital, nursing and similar care and supplies reasonably needed by and actually provided to the plaintiff and those orthodontic and/or prosthetic expenses reasonably certain to be needed in the future."  (Instruction 21).  Economic damages must be reduced to their present cash value (Instruction 22).  After reviewing the evidence, and considering the nature of Carroll Heatherly's injuries, his past and future medical expenses and lost wages, the Court concludes that defendants' motion for new trial or remittitur should be denied.

Non-Economic Damages

The jury awarded Carroll Heatherly $1,000,000 in non-economic damages. Non-economic damages are intended to compensate Heatherly for the nature and extent of his injuries, including whether or not the injuries are temporary or permanent and whether any resulting disability is partial or total. In addition, non-economic damages are also intended to compensate Heatherly for the physical pain and mental suffering he has experienced and is reasonably certain to experience in the future (Instruction 21). Non-economic damages are not reduced to a present cash value (Instruction 22).

Where Carroll Heatherly's leg was amputated below the knee and many of his teeth were knocked out, where he underwent numerous surgeries and a long, painful rehabilitation and where he continues to suffer the phantom pain from the lost leg, the Court cannot say that the jury's award of $1,000,000 in non-economic damages is "so clearly exorbitant as to indicate that it was the result of passion, prejudice, or mistake, or it is clear that the trier of fact disregarded the evidence or rules of law." *Rahmig*, 226 Neb. at 457, 412 N.W.2d at 78. Defendants' motion for new trial or remittitur will be denied.

**C.   Conclusion**

Defendants' motion will be denied in all respects.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 22nd day of May, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
   LYLE E. STROM, Senior Judge
   United States District Court